**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **PAMELA ADELMAN**<br>25 E Superior St. Apt 4002<br>Chicago, IL 60611<br><br>*Plaintiff,*<br><br>*v.*<br><br>**UNITED STATES OF AMERICA**<br><br>Serve: Todd Blanche<br>Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C 20530<br><br>And<br><br>Serve: Jeanine Ferris Pirro<br>U.S. Attorney for the District of Columbia<br>601 D Street, NW<br>Washington, D.C. 20530<br><br>AND<br><br>**THE DISTRICT OF COLUMBIA**<br><br>Serve: Brian L. Schwalb, Attorney General<br>c/o Darlene Fields, Gale Rivers,<br>Tonia Robinson, Regina Brown, or<br>Marjorie Thomas<br>Office of the Attorney General for the<br>District of Columbia<br>400 6th Street, N.W.<br>Washington, D.C. 20001<br><br>And<br><br>Serve: Mayor Muriel Bowser<br>c/o Brian L. Schwalb, Darlene Fields,<br>Gale Rivers, Tonia Robinson,<br>Regina Brown, or Marjorie Thomas<br>Office of the Attorney General for the | * * * * * * * * * * * * * * * * * * * * * * * * * * | Case No.: 26-3882 |

District of Columbia *
441 4th Street, N.W.
6th Floor South *
Washington, D.C. 20001
*

*Defendants*. *

* * * * * * * * * * * *

**COMPLAINT**

COMES NOW, Plaintiff, Pamela Adelman, by and through her undersigned attorneys, and states for her cause of action as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1. At all times relevant to this complaint, Plaintiff is and has been an adult resident of the State of Illinois.

2. Defendant United States of America, at all times relevant to this Complaint, owned, occupied, and/or maintained the sidewalks and pathways located at the southeastern corner of the intersection of Pennsylvania Avenue NW and 10th Street NW, Washington, DC 20004 [hereinafter "the sidewalk"] which is the subject location of Plaintiff's injury that occurred on or about June 9, 2024, as described further below.

3. Defendant District of Columbia, at all times relevant to this Complaint, owned, occupied, and/or maintained the sidewalk, which is the subject location of Plaintiff's injury in the instant case, as described further below.

4. On or about April 16, 2026, within two years of the date of the incident giving rise to this claim, Plaintiff filed with Defendant United States of America a Claim for Injury Standard Form 95, specifically alleging and claiming the facts contained herein.

5. The Department of the Interior for the Defendant United States received the

aforementioned claim and issued a denial of the claim on or about June 2, 2026, meaning that the Plaintiff has exhausted the administrative remedy available to her and has until December 2, 2026 to file the instant lawsuit in this Court.

6. This Court has jurisdiction over the Defendant United States of America in this matter pursuant to 28 U.S.C. § 1346(b)(1) under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680.

7. Plaintiff's claims against the United States arise from the negligent acts and omissions of federal employees acting within the scope of their employment, under circumstances in which a private person would be liable under District of Columbia law.

8. Venue before this Court is proper under 28 U.S.C. §1402 (b) as this case arises out of an incident that occurred in the District of Columbia.

9. This Court has supplemental jurisdiction over Plaintiff’s claim against the District of Columbia pursuant to 28 U.S.C. § 1367(a), because that claim arises from the same occurrence as Plaintiff’s claim against the United States and forms part of the same case or controversy.

10. The Plaintiff has satisfied the requirement to provide the District of Columbia with written notice of the potential claim within six months of the incident under D.C. Code § 12-309, inasmuch as the Plaintiff issued a notice letter to the District of Columbia on October 29, 2024, describing the approximate date, location, and circumstances of the incident.

## FACTS AND ALLEGATIONS OF LIABILITY AND DAMAGES

11. On or about June 9, 2024, Plaintiff was lawfully walking on 10th Street NW toward Pennsylvania Avenue NW in Washington, D.C., when she encountered a raised sidewalk paver that created an abrupt vertical deviation of approximately two inches in the adjoining

walking surface at the southeastern corner of the intersection of Pennsylvania Avenue NW and 10th Street NW, Washington, D.C. 20004.

12. The dangerous and defective condition of the sidewalk as described above caused Plaintiff to trip and fall, resulting in significant injuries to her right leg. Photographs showing the location of the incident and the raised sidewalk paver are shown below:






13. The dangerous, unmarked, and uneven defect in the sidewalk shown above constituted a dangerous condition that violated the standard of care for safe walking surfaces.

14. The area where Plaintiff fell, as indicated above, was owned, maintained, and controlled by Defendant United States of America and/or Defendant District of Columbia.

15. Publicly-available property records show that the Defendant United States of America owns the Department of Justice building abutting the location of the incident.

16. Upon information and belief, based upon the ownership, maintenance, and control of the property and pedestrian walkways surrounding the location of Plaintiff's fall, one or both Defendants were responsible for inspecting, maintaining, and repairing the sidewalk where Plaintiff was injured, including the dangerous and defective condition described herein.

17. In light of the publicly-available property records currently available, it is clear

that one or more of the Defendants have a responsibility to maintain the sidewalk at the location of the incident.

18. Upon information and belief, the dangerous, unmarked, and uneven defect in the sidewalk had existed since at least May of 2021 such that one or more of the Defendants had either actual or constructive notice of the defect for at least three years prior to Plaintiff's injury.

19. Moreover, by virtue of the location of this incident being at the intersection of Pennsylvania Avenue NW and 10th Street NW in Washington, D.C., a heavily traveled pedestrian area, Defendant United States of America and/or Defendant District of Columbia knew or should have known about the dangerous and defective condition of the sidewalk inasmuch as employees and/or agents of both Defendants regularly traverse this highly-trafficked area in downtown Washington, D.C. which is in close proximity to federal and District government buildings and infrastructure.

20. At all times relevant herein, Defendant United States of America and/or Defendant District of Columbia, by and through their agents and/or employees, owed a duty to Plaintiff to exercise reasonable care and diligence to maintain and repair the area where the incident occurred so as to reasonably prevent the development and presence of dangerous conditions such as the one indicated above which caused Plaintiff to fall. This included the duty to take all reasonable steps to maintain the sidewalk in a safe manner, and to otherwise comply with the standard of care for maintaining safe walking surfaces.

21. The dangerous and defective condition in the sidewalk which caused Plaintiff's fall, as indicated above, was either created by Defendant United States of America and/or Defendant District of Columbia, by and through their agents and employees, and/or the condition developed over a significant period of time prior to Plaintiff's fall, such that one or more of the

Defendants had actual and/or constructive notice of the dangerous condition prior to Plaintiff's fall and yet failed to take reasonable steps to repair the sidewalk or warn users of the sidewalk about the dangerous condition.

22. Despite having actual and/or constructive notice of the dangerous condition, one or more of the Defendants, by and through their agents and employees, failed to properly repair the dangerous sidewalk and/or failed to warn pedestrians of the hazardous nature of the sidewalk prior to Plaintiff's fall.

23. The actions and/or inactions of Defendant United States of America and/or Defendant District of Columbia by and through their agents and employees, as indicated above, violated the aforementioned duties of care, constituting negligence which was a direct and proximate cause of Plaintiff's fall.

24. To the extent that any of the actions and/or inactions of the Defendants violated statutes and/or regulations pertaining to the maintenance of safe walking surfaces, the one or more of the Defendants were negligent *per se*.

25. At all times relevant hereto, Plaintiff acted with reasonable care and assumed no risk of injury.

26. As a direct and proximate result of the negligence of one or more of the Defendants, as indicated above, Plaintiff suffered severe injuries, including, but not limited to, a displaced intercondylar intra-articular fracture of the right distal femur, a right distal femur medial oblique fracture with longitudinal metaphyseal extension involving the tibiofemoral joint, and other injuries to her right lower extremity.

27. These aforementioned injuries required Plaintiff to undergo open reduction and internal fixation of her right distal femur, followed by physical therapy, rehabilitation, and other

medical treatment. To date, Plaintiff has incurred medical expenses totaling $234,653.17 as a result of her injuries. Plaintiff has incurred, and may continue to incur in the future, additional medical expenses and other economic losses. Additionally, Plaintiff has suffered, and may continue to suffer in the future, pain, discomfort, physical limitations, and other non-economic losses to be assessed by the factfinder, all of which may be permanent in nature. Plaintiff's injuries as set out above resulted in severe pain, scarring, suffering, mental anguish, emotional distress, disability, impairment, extreme inconvenience, lost time from daily activities and lasting pain and other damages all of which are to some degree continuing into the future and/or permanent. On account of the injuries described above, Plaintiff incurred, and will incur in the future, medical bills and other economic losses.

WHEREFORE, Plaintiff demands judgment against Defendant United States of America and the Defendant District of Columbia, jointly and severally, in the amount of Four Million Dollars ($4,000,000.00), plus interest and costs, and such other relief as the Court finds just and proper.

Respectfully Submitted,

/s/ Daniel S. Singer
Kenneth M. Trombly, #199547
Daniel S. Singer, #1011357
Noah S. Trombly, #1657567
Trombly and Singer, PLLC
1825 K Street, NW, Suite 1150
Washington, DC 20006
kmt@tromblylaw.com
dsinger@tromblylaw.com
ntrombly@tromblylaw.com
(202) 887-5000
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff seeks a trial by jury on all issues so triable.

/s/ Daniel Singer
Daniel Singer